ORIGINAL

REISSUED FOR PUBLICATION
MAR 7 2017
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
February 9, 2017
No. 17-74v

FILED
FEB - 9 2017
OSM
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARK A. SOPRANO, | * | |
| | * | UNPUBLISHED |
| Petitioner, | * | |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal Decision; Statute of Limitations; |
| AND HUMAN SERVICES, | * | 42 U.S.C. § 300aa-16(a)(2) |
| | * | |
| Respondent. | * | |

Mark A. Soprano, Cortland, NY, *pro se*.
Douglas Ross, United States Department of Justice, Washington, DC for respondent.

## DECISION DISMISSING PETITION[1]

On January 17, 2017, Mark A. Soprano ("petitioner"), acting *pro se*, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. The petition alleged that he suffered a significant aggravation of underlying psoriasis and dermatitis, as the result of an influenza vaccine administered on October 10, 2013. Petition at 1. The petition was not accompanied by any medical records.

On February 8, 2017, the undersigned held an initial status conference to discuss petitioner's claim. Petitioner appeared *pro se* and Mr. Douglas Ross appeared on behalf of respondent. The status conference was digitally recorded. During the status conference, the

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

undersigned and the parties discussed the statute of limitations issue in this case. For the reasons set forth below, this case is **DISMISSED** because it was filed outside of the statute of limitations of the Vaccine Act.

### I.    Legal Standard

Pursuant to 42 U.S.C. § 300aa-16(a)(2), the Vaccine Act provides that "no petition may be filed for compensation . . . after the expiration of thirty-six months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury." The Federal Circuit has held that there is no explicit or implied discovery rule under the Vaccine Act. Cloer v. Sec'y of Health & Human Servs., 654 F.3d 1322, 1338-40 (Fed. Cir. 2011). The date of the occurrence of the first symptom or manifestation of onset "does not depend on when a petitioner knew or reasonably should have known anything adverse about [his] condition." Id. at 1339. A vaccine claim is based on "the occurrence of an event recognizable as a sign of a vaccine injury by the medical profession at large, not the diagnosis that actually confirms [a vaccine] injury in a specific case." Goetz v. Sec'y of Health & Human Servs., 45 Fed. Cl 340, 342 (Fed. Cl. 1999), aff'd, 4 Fed. Appx. 827 (Fed. Cir. 2001).

### II.   Analysis

During the status conference, the undersigned listened to petitioner's account of his medical history. Petitioner stated that he had a history of dermatitis and psoriasis, which were treated with topical steroids. Petitioner's claim stems from an influenza vaccine administered on October 10, 2013. The first symptom attributed to the vaccine was blistering on his hands, which occurred within about one month of the vaccine, which was approximately November 10, 2013. Petitioner stated that this symptom persisted for several months and that he experienced further symptoms beginning in mid-2014. However, petitioner acknowledged that the Vaccine Act's statute of limitations is thirty-six months from the occurrence of the *first* symptom attributed to the vaccine. In this case, his first symptom occurred on or before November 10, 2013. More than thirty-eight months passed between this first symptom and the filing of his claim on January 17, 2017. Therefore, the claim was filed outside of the appropriate limitations period. The undersigned stated that the facts of this case were clear, and that there was no applicable exception to the statute of limitations.

Accordingly, this claim is **DISMISSED** on the grounds that it is barred under section 300aa-16(a)(2) of the Vaccine Act. The Clerk of the Court shall enter judgement accordingly.

IT IS SO ORDERED.

Dated: February 8, 2017

Thomas L. Gowen
Special Master